UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LESTER SUMMERS,

       Petitioner,

                                  CASE NO. 2:08-CV-14100
v.                                       JUDGE NANCY G. EDMUNDS
                                  MAGISTRATE JUDGE PAUL KOMIVES

DEBRA L. SCUTT

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION FOR SUMMARY JUDGMENT (docket #8)**

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is not barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should deny respondent's motion for summary judgment (docket #9) and order respondent to file an answer addressing the merits of petitioner's claims.

II.     REPORT:

A.     *Procedural Background*

Petitioner William Lester Summers is a state prisoner, currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner is serving a sentence of 7-30 years' imprisonment imposed as a result of his 2003 state court convictions for first degree criminal sexual conduct. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree criminal sexual conduct pursuant to his guilty plea in the St. Joseph County Circuit Court. On December 18, 2003, the Court imposed its sentence.

- Following an unsuccessful motion to withdraw his plea in the trial court, petitioner

- filed an application for leave to appeal his conviction in the Michigan Court of Appeals. The court of appeals denied petitioner's application for leave to appeal on May 13, 2005. *See People v. Summers*, No. 259613 (Mich. Ct. App. May 13, 2005).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. That application was denied on October 31, 2005. *See People v. Summers*, 474 Mich. 907, 705 N.W.2d 132 (2005).

- On January 11, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.509. The trial court denied the motion on February 9, 2006.

- Petitioner sought leave to appeal in the Michigan Court of Appeals. The court of appeals denied petitioner's application on December 27, 2006. *See People v. Summers*, No. 271068 (Mich. Ct. App. Dec. 27, 2006).

- Petitioner thereafter sought leave to appeal in the Michigan Supreme Court. That court denied petitioner's application on June 26, 2007. *See People v. Summers*, 478 Mich. 925, 733 N.W.2d 48 (2007).

In early June, 2008, petitioner filed a brief pleading in this Court which was titled a "Delayed Application for Leave to File an Appeal," and which was captioned in the format of the state court proceedings, with the state trial court case number. The document was headed "Delayed Application for Leave to Appeal–United States Federal Court." *See* Pet'r's Resp., Ex. A. On June 6, 2008, the Clerk sent to petitioner a form document informing petitioner that "IN ORDER TO PROCESS YOUR DOCUMENTS, PLEASE RETURN THIS FORM TO THE COURT WITH THE REQUESTED CORRECTIONS." The form is checked next to the line indicating "[t]he caption is incorrect on the complaint, listing a different court." On the lines provided for "Other," the Clerk indicated "wrong court." *See id.*, Ex. B. In a letter received by the Court on July 1, 2008, petitioner informed the court: "I am sorry for the mistake on the other letter that I sent. It's not the brief for delayed application for leave to file an appeal. This is habeas corpus brief. I want to let you know about it." *Id.*, Ex. C. On September 24, 2008, petitioner filed an application for the writ of habeas

on the standard form petition, and included an accompanying brief.

Respondent filed this motion for summary judgment on March 27, 2009, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on April 17, 2009. For the reasons that follow, the Court should grant respondent's motion to dismiss.

B.   *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[1]

---

[1] The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. The claims asserted in petitioner's habeas application do not implicate subparagraphs (B) through (D), and thus subparagraph (A) applies here. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Supreme Court denied petitioner's application for leave to appeal in connection with his direct appeal on October 31, 2005, and his conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired. Petitioner's conviction therefore became final on January 29, 2006. Thus, the limitations began to run on

January 29, 2006, and expired one year later, on January 29, 2007.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed his state court motion for relief from judgment on January 11, 2006, prior to the time the limitations period began to run. Thus, when the post-judgment proceedings concluded on June 26, 2007, with the Michigan Supreme Court's denial of his application for leave to appeal, petitioner still had one full year in which to file his habeas application. Thus, petitioner's application is timely so long as it was filed by June 26, 2008.

Petitioner's form habeas petition was not dated until September 22, 2008, and was not filed by the Clerk until September 24, 2008. If either of these dates provides the effective filing date of the habeas petition, the petition is untimely. The question, therefore, is whether the petition should be deemed "filed" for purposes of the limitations period on June 3, 2008, the date he filed in this Court his "Delayed Application for Leave to File an Appeal." If his petition is deemed filed as of June 3, 2008, the petition is timely.

The Court need not answer whether petitioner's application may be deemed filed as of June 3, 2008, because even if the answer to that question is resolved against petitioner, it is clear that he is entitled to equitable tolling of the limitations period from that date. In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), the Supreme Court explained that it has generally "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Id*. at 96. The federal courts have applied this rule in the context of the habeas statute of limitations, holding that "[e]quitable tolling is appropriate where . . . the petitioner has timely filed but in the wrong forum or in a defective way." *Smith v.*

*Duncan*, 276 F. Supp. 2d 379, 382 (E.D. Pa. 2003); *see also*, *Vrona v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (quoting *Irwin*); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling appropriate "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.").

Here, during the statutory period, petitioner filed a pleading in this Court challenging his conviction. Although the pleading was captioned with the state court case information and was titled an application for leave to appeal, petitioner diligently attempted to correct his mistake, informing the Clerk in response to the Clerk's form letter that he had intended to file a habeas petition, and subsequently filing an application on the standard form. Petitioner reasonably believed that he would have the opportunity to correct his deficiency, both by virtue of the Clerk's form letter and by virtue of FED. R. CIV. P. 5(d)(4), which provides that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." *See also*, Rule 2, 28 U.S.C. foll. § 2254, advisory committee note to 2004 amendment (FED. R. CIV. P. 5 provides appropriate means for dealing with an insufficient petition). And petitioner timely attempted to correct the deficiency in his habeas pleading. Because petitioner filed a timely, albeit defective, petition, and because petitioner diligently attempted to correct the deficiency in his initial pleading, petitioner is entitled to equitable tolling of the limitations period.

C.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is not barred by the statute of limitations governing habeas petitions. Accordingly, the Court should deny respondent's motion for summary judgment. If the Court accepts this recommendation, the Court should order respondent to file an answer addressing the merits of

petitioner's claims.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/Paul J. Komives
> PAUL J. KOMIVES
> UNITED STATES MAGISTRATE JUDGE

Dated: 11/30/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys and Williams Lester Summers of record by electronic means or U.S. Mail on November 30, 2009.
>
> s/Eddrey Butts

7